MEMORANDUM **
Petitioner Francisco Ramon Ramirez, Jr. (“Ramirez”) appeals the denial of his federal habeas petition. Ramirez, who was convicted of voluntary manslaughter, contends that the state court Apprendi/Blakely[1] error of failing to submit aggravating circumstances to a jury was not harmless. We agree, and reverse and remand.
Ramirez was charged with murder in the shooting death of his sister’s boyfriend, but presented a self-defense/defense-of-another theory to the jury. After five days of deliberation, the jury convicted Ramirez of the lesser-included offense of voluntary manslaughter, and thus did not fully accept either the prosecution’s or de *552 fense’s version of the facts. In sentencing, however, the state court found several aggravating factors applied (reciting in large part the prosecution’s view of the evidence) and sentenced Ramirez to an aggravated term on the use of a firearm charge.
In light of Apprendi, Blakely, and Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), it was error for the state court to have failed to submit the aggravating factors to the jury for determination. “Even where constitutional error is found, ‘in § 2254 proceedings a court must [also] assess the prejudicial impact of constitutional error’ under the Brecht [v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)] standard.” Merolillo v. Yates, 663 F.3d 444, 454 (9th Cir.2011) (quoting Fry v. Pliler, 551 U.S. 112, 121-22, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007)) (first alteration in original); see also Pulido v. Chrones, 629 F.3d 1007, 1012 (9th Cir.2010) (“We apply the Brecht test without regard for the state court’s harmlessness determination.”).
Under Brecht, habeas petitioners are entitled to relief if “the error had substantial and injurious effect or influence in determining the jury’s verdict.” 507 U.S. at 637, 113 S.Ct. 1710 (internal quotation marks and citation omitted). “Where the record is so evenly balanced that a judge ‘feels himself in virtual equipoise as to the harmlessness of the error’ and has ‘grave doubt about whether an error affected a jury [substantially and injuriously], the judge must treat the error as if it did so.’ ” Merolillo, 663 F.3d at 454 (quoting O’Neal v. McAninch, 513 U.S. 432, 435-38, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)) (alteration in original) (internal quotation marks omitted).
We have such doubts here. Although one view of the evidence — that espoused by the ■ prosecution — could likely support one or more of the aggravating factors found by the state court, the jury did not fully accept that version of events. In light of its verdict, we cannot conclude with confidence that, if it had been asked, the jury would have found that (1) Ramirez committed the crime with “planning, sophistication or professionalism,” see People v. Sandoval, 41 Cal.4th 825, 841, 62 Cal.Rptr.3d 588, 161 P.3d 1146 (2007); or (2) the victim, who was armed with a loaded gun which he had shown Ramirez earlier, was “particularly vulnerable,” see id. at 842, 62 Cal.Rptr.3d 588, 161 P.3d 1146; or (3) the crime, although involving violence and bodily harm, necessarily revealed a “high degree of cruelty, viciousness or callousness on the part of the perpetrator,” see People v. Nevill, 167 Cal.App.3d 198, 206, 212 Cal.Rptr. 898 (1985). As the California Supreme Court itself has noted, many of California’s aggravating circumstances are “vague or subjective,” and thus “it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court.” People v. Boyce, 59 Cal.4th 672, 728-29, 175 Cal.Rptr.3d 481, 330 P.3d 812 (2014) (quoting Sandoval, 41 Cal.4th at 840, 62 Cal.Rptr.3d 588, 161 P.3d 1146); see also Sandoval, 41 Cal.4th at 840, 62 Cal.Rptr.3d 588, 161 P.3d 1146 (“Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts.”).
We cannot conclude the error here was harmless. We therefore reverse the district court’s denial of the writ and remand for further proceedings consistent with this decision.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).